[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE APRIL 1, 1999 DATE OF APPLICATION APRIL 14, 1999 DATE APPLICATION FILED APRIL 22, 1999 DATE OF DECISION JUNE 27, 2000
Application of Review of Sentence imposed by the Superior Court Judicial District of Norwalk, GA 20.
Docket Nos. CR94-66397 CR93-100155
Elizabeth Reid, Esq. Counsel for Petitioner
Robert Hall, Esq. Counsel for State
On or about March 21, 1995, the petitioner was sentenced to 12 years incarceration execution suspended after 4 years incarceration to be followed by five years of probation.[1] After serving a period of incarceration the petitioner was thereafter on probation. The petitioner was subsequently arrested for a violation of probation.[2]
On April 7, 1999, a violation of probation hearing was held. The court found that the "defendant violated the conditions of his probation by not CT Page 8019-z co-operating with the Probation Department and/or the individuals at the Sexual Offender Program, by arriving late, by arriving with the attitude that he was not making that part of his probationary condition a priority item by not cooperating with the Probation Department and the treatment organization." (Tr., April 7, 1999, page 132).
The court revoked the probation and imposed the unexecuted portion of the petitioner's sentence of 8 years incarceration to be served. It is this 8 year sentence that the petitioner seeks review.
At the hearing before the Division, Counsel for the petitioner argued that the sentence imposed was disproportionate to others similarly situated. Counsel indicated that the condition of probation for sex offender treatment was not originally imposed but added later by probation. Counsel does not challenge the authority of probation to so modify the petitioners conditions.
Counsel for petitioner categorized the violation as "technical" in that the substance of the violation was that the petitioner arrived late on two occasions for the sex offender treatment evaluation. Counsel also indicated that there was no indication that petitioner missed any appointments with the probation officer. One out of twelve sessions with the probation officer was missed inadvertently by the petitioner and the petitioner made up for the meeting the next day. Counsel stressed that the petitioner had been working during this period and became engaged to be married.
The record reveals that the petitioner was referred for evaluation for sex offender treatment.[3] The evaluation process consisted of six sessions. The petitioner was tardy for two of the six sessions and on each of the two occasions the petitioner was advised to leave and for each of the two sessions the petitioner was considered to have "missed" each session. At the time of the second tardiness the petitioner told the therapist that "the (sessions) were not a priority in his life and (petitioner) couldn't arrange to arrive on time." The petitioner did not complete the sex offender valuation that served as a condition of probation.[4] The record reflects the importance of being timely for evaluation sessions so that a full hour could be devoted to the client.
In the court's sentencing remarks the court alluded the narcotics case and indicated that the court was not going to consider the matter in the sentencing of the petitioner.[5]
CT Page 8019-ab
Neither party brought the narcotics case to the attention of the Division.
Although, arguably, the court had the authority to consider the factual basis of the narcotics case (CR98-124871),[6] in determining an appropriate penalty after establishing the violation of probation, the court elected not to do so.
If the sentence of probation is revoked, the court may require the violator to serve the full sentence originally imposed, or it may impose any lesser sentence. C.G.S. § 58a-32(b). The authority of the court to impose the full unexecuted portion of the sentence is not challenged.
In reviewing the record as a whole, the Division finds that the sentence imposed by the court for the reasons articulated was disproportionate to others similarly situated. The division has considered the nature of the violation, the efforts expended by the petitioner to comply, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
Accordingly, the Division directs the trial court to modify the sentence imposed to a sentence of time of incarceration already served.
The matter is remanded to the trial court in order to impose sentence in accordance with the conclusion of the Division.
The sentenced imposed was disproportionate.
THE SENTENCE IS ORDERED MODIFIED.
Miano, J., Klaczak, J., and Norko, J. participated in this decision.